Alix R. Rubin
ENTWISTLE & CAPPUCCI LLP
30 Columbia Turnpike
P.O. Box 95
Florham Park, New Jersey 07932
(973) 236-0666

Patricia A. Cody
HELLER EHRMAN LLP
7 Times Square
New York, New York 10036
Admitted pro hac vice

Attorneys for Defendant

**RECEIVED**

MAR 0 7 2008

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------ X
:
DIANE E. JOSIFOVICH,        : Honorable Freda L. Wolfson, U.S.D.J.
:
                 Plaintiff, : Civil Action No.: 07-05469 (FLW) (JJH)
:
        v.                  :
:
SECURE COMPUTING CORPORATION, : **DISCOVERY CONFIDENTIALITY**
                            : **ORDER**
                 Defendant. :
:
------------------------------------------------ X

THIS MATTER having come before the Court for the entry of a Discovery Confidentiality Order pursuant to L.Civ.R. 5.3(b); and the Court having considered the Declaration of Alix R. Rubin dated March 7, 2008;

WHEREAS, on or about September 21, 2007, plaintiff Diane E. Josifovich ("Plaintiff") commenced the above-captioned action to resolve an employment dispute with Secure Computing Corporation ("Secure Computing");

WHEREAS, on or about November 14, 2007, this action was removed to the above-captioned Court;

WHEREAS, in connection with this action, Plaintiff and Secure Computing (collectively, the "Parties") intend to pursue certain discovery related to the subject matter of the underlying employment dispute;

WHEREAS, said discovery may involve the disclosure of documents and other information one or more of the Parties may consider to be confidential and/or proprietary in nature or otherwise deserving of protection from disclosure to third parties;

WHEREAS, the Parties have agreed to take those steps necessary to preserve the confidential and/or proprietary nature of information disclosed either during the course of discovery or in connection with this action and, for good cause shown,

IT IS on this 7th day of March, 2008 ordered that:

**Definitions**

1. As used herein, unless otherwise specified, the term "Producing Party" means the party, or person other than a party, being asked to produce or asserting a confidentiality interest in information designated by that party or person as Confidential Information.

2. As used herein, unless otherwise specified, the term "Receiving Party" means the party receiving or requesting production of Confidential Information.

3. As used herein, unless otherwise specified, the term "Confidential Information" means information, whether or not embodied in any physical medium, used by the Producing Party in or pertaining to, its trade or business, which information the Producing Party believes in good faith has been kept confidential and which the Producing Party would normally

2

not reveal to third parties except in confidence, or has undertaken with others to maintain in confidence.

4. As used herein, unless otherwise specified, the term "Termination" means the final resolution of this action.

### Confidential Information

5. All matter designated as Confidential Information shall be used solely for the purposes of this action and shall not, directly or indirectly, in whole or in part, be revealed, disclosed or otherwise made available for inspection or copying, except to:

   a. the judges of the Court, as well as their respective staffs (this Order does not require the parties to file documents containing Confidential Information under seal);

   b. a court reporter transcribing a deposition, hearing or trial in this action;

   c. the Receiving Party, counsel for any party and the support staffs of those counsel (including lawyers, law clerks, legal assistants, secretaries and clerks) assisting in connection with this action;

   d. witnesses in the course of a deposition, hearing or trial in this action; and,

   e. those outside experts with whom counsel for the Receiving Party believes he or she needs to consult for purposes of this action.

6. No Confidential Information may be revealed or disclosed, directly or indirectly, in whole or in part, to any individual described in paragraph 5 (d)-(e) above until that individual shall have been given a copy of this Discovery Confidentiality Order and shall have first signed in duplicate an undertaking in the form attached as Exhibit 1, which undertaking shall be retained by counsel of record for the Receiving Party.

3

7. Confidential Information contained in a document or thing shall be designated specifically by marking the document or thing or confidential portion thereof, respectively, as "CONFIDENTIAL."

8. No person other than the individuals described in paragraph 5 (d)-(e) above who shall have previously executed the appropriate undertaking shall be permitted to attend any deposition during the disclosure of Confidential Information unless otherwise agreed to by the Parties. The parties reserve the right to request that the Court limit the presence of persons other than the individuals described in paragraph 5 (d)-(e) during the disclosure of Confidential Information at a trial or hearing.

9. Documents containing Confidential Information that a Producing Party inadvertently failed to designate may be appropriately designated confidential at any time after production by appropriate written notice to the Receiving Party's counsel, but the Receiving Party shall not be in violation of this Discovery Confidentiality Order for any disclosures of such Confidential Information made prior to such notice, which would have been authorized by this Order but for the subsequent designation by notice.

10. Information disclosed at any deposition (including any deposition preceding the entry of this Discovery Confidentiality Order of a Producing Party or one of its or its affiliates' present or former officers, directors, employees, consultants or agents, or of an independent expert duly retained by a party for purposes of this action) may be designated by the Producing Party as Confidential Information by indicating on the record at the deposition that the specified part of the testimony (including the entire testimony given or to be given by a witness) and/or all or any part of any document or thing marked for identification is Confidential Information subject to the provisions of this Order. The Producing Party may also specifically

designate information and documents contained in the transcript as Confidential Information, whether or not previously so designated, by notifying all Parties in writing of the specific pages and lines of the transcript that contain such information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

11. The Receiving Party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made and its failure to do so at that time shall not operate as a waiver of its right to request that the Court determine the propriety of the designation or in any way preclude a subsequent challenge to such designation.

12. In the event a Party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Information, the Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Receiving Party may seek appropriate relief from the Court, and the Producing Party shall have the burden of demonstrating under the standards of Rule 26(c) of the Federal Rules of Civil Procedure that at that juncture in the action the information in question is of such a nature that the Producing Party would be entitled to a protective order restricting its disclosure.

13. The terms of this Discovery Confidentiality Order shall not entitle a Receiving Party to itself determine whether it is free to use or disclose Confidential Information other than in accordance with this Order. Any relief from the provisions of this Order, if not procured by the written agreement of the Producing Party, shall be sought from the Court consistent with the standard identified above.

14. This Discovery Confidentiality Order shall not be construed as a waiver by the Parties of any objection that might be raised as to the admissibility of any evidentiary

material. This Order does not preclude any person from opposing the production of any information on any proper ground (including privilege grounds).

15. Except as filed with the Court, all documents and things designated as containing Confidential Information shall be maintained at all times in the custody of individuals expressly authorized to receive them under this Discovery Confidentiality Order. Within 30 days after Termination of this action, at the election of the Producing Party, the original and all copies of each document and thing designated as containing Confidential Information produced to a Receiving Party or given to any other person pursuant to this Order and shall be returned to counsel for the Producing Party or destroyed. After Termination, counsel of record for the Receiving Party shall retain all undertakings executed pursuant to this Order and, if requested, shall then deliver a duplicate original of each undertaking to the Producing Party on request at any time thereafter.

16. Insofar as the provisions of this Discovery Confidentiality Order restrict the use or communication of any document or information produced hereunder, this Order shall continue to be binding after Termination and the Court shall retain jurisdiction of all persons and Parties bound by this Order for the purposes of its enforcement.

### Miscellaneous

17. Whenever a party or its agents, employees, experts or attorneys is requested, pursuant to a subpoena, a request for production of documents or things or other legal process, to disclose to persons or entities not parties to this action any Confidential Information, including any transcripts, documents, things or testimony, prior to responding thereto, such party shall within a reasonable amount of time notify the other party of the existence and terms of such request.

18. This Order may be modified in whole or in part by order of the Court entered <u>sua sponte</u>, upon consent of the Parties, or upon consideration of the motion of one or more of the Parties or the person or entity seeking such modification.

19. A copy of this Order shall be served upon all counsel within seven days of receipt thereof.

_____
JOHN J. HUGHES, U.S.M.J.

AGREED AS TO FORM AND ENTRY:

ENTWISTLE & CAPPUCCI LLP

By: _____
ALIX R. RUBIN

30 Columbia Turnpike, P.O. Box 95
Florham Park, New Jersey 07932
(973) 236-0666
arubin@entwistle-law.com

Patricia A. Cody
HELLER EHRMAN LLP
7 Times Square
New York, New York 10036
Admitted pro hac vice

Attorneys for Defendant

DIFRANCESCO, BATEMAN, COLEY, YOSPIN, KUNZMAN, DAVIS & LEHRER, P.C.

By: _____
RICHARD P. FLAUM

15 Mountain Boulevard
Warren, New Jersey 07059-5686
(908) 757-7800
rflaum@newjerseylaw.net

Attorneys for Plaintiff

**EXHIBIT 1**

Alix R. Rubin
ENTWISTLE & CAPPUCCI LLP
30 Columbia Turnpike
P.O. Box 95
Florham Park, New Jersey 07932
(973) 236-0666

Patricia A. Cody
HELLER EHRMAN LLP
7 Times Square
New York, New York 10036
Admitted pro hac vice

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------- X
:
DIANE E. JOSIFOVICH,                              : Honorable Freda L. Wolfson, U.S.D.J.
:
            Plaintiff,                            : Civil Action No.: 07-05469 (FLW) (JJH)
:
    v.                                            :
                                                  : **UNDERTAKING REGARDING**
SECURE COMPUTING CORPORATION,                     : **CONFIDENTIALITY**
:
            Defendant.                            :
------------------------------------------------- X

    I hereby certify that I have been given and have read a copy of the Discovery Confidentiality Order filed in this action, and I understand and agree that I will be bound thereby with respect to any Confidential Information to which I may be given access and will maintain any such information in strict and absolute confidence.

_____
Signature

_____
Print Name

_____
Address

Alix R. Rubin
ENTWISTLE & CAPPUCCI LLP
30 Columbia Turnpike
P.O. Box 95
Florham Park, New Jersey 07932
(973) 236-0666

Patricia A. Cody
HELLER EHRMAN LLP
7 Times Square
New York, New York 10036
Admitted pro hac vice

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------- X
:
DIANE E. JOSIFOVICH,                              : Honorable Freda L. Wolfson, U.S.D.J.
                                                  :
                          Plaintiff,              : Civil Action No.: 07-05469 (FLW) (JJH)
                                                  :
        v.                                        :
                                                  : **DECLARATION IN SUPPORT OF**
SECURE COMPUTING CORPORATION,                     : **DISCOVERY CONFIDENTIALITY**
                                                  : **ORDER**
                          Defendant.              :
                                                  : DOCUMENT ELECTRONICALLY FILED
                                                  :
------------------------------------------------- X

ALIX R. RUBIN, pursuant to 28 U.S.C. § 1746, being of full age, hereby declares as follows:

1.  I am an attorney at law duly admitted to practice before this Court and a partner of Entwistle & Cappucci LLP, attorneys for defendant Secure Computing Corporation ("Secure Computing") in the above-captioned action. I have day-to-day responsibility for representing Secure Computing in this action and, as a result, I am fully familiar with the facts and circumstances set forth herein.

2. I submit this Declaration in support of Secure Computing's proposed form of Discovery Confidentiality Order.

3. Secure Computing seeks this Discovery Confidentiality Order because it may disclose documents containing confidential and/or proprietary business information.

4. The documents warrant confidentiality to protect Secure Computing's proprietary, confidential and trade secret information.

5. If the Court does not enter the Discovery Confidentiality Order, Secure Computing may suffer harm to its competitive position in the marketplace.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on March 7, 2008.

s/ Alix R. Rubin
ALIX R. RUBIN

2